UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-191-TBR-LLK

TIMOTHY ALAN FOX,                                                                 PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY,                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff Timothy Alan Fox filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's decision to deny his claim for Social Security disability benefits. [DN 1]. The Court referred the action to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that the Court remand this matter to the Commissioner for calculation and payment of past-due Title II benefits. [DN 20]. Subsequently, the Commissioner filed an Objection to the Magistrate Judge's Findings of Fact and Conclusions of Law and Recommendation, [DN 23], and the Plaintiff responded, [DN 24]. Having reviewed the Administrative Record, the parties' submissions, and the applicable law, the Court will REJECT the Magistrate Judge's Report and Recommendation, [DN 20], and SUSTAIN the Commissioner's Objection, [DN 23]. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

## BACKGROUND

On September 2, 2015, Fox filed a Title II application for disability insurance benefits. [DN 12-1 at 582]. After his claim was denied at the administrative level, Fox was granted a hearing in front of an Administrative Law Judge ("ALJ") on September 6, 2017. *Id.* The ALJ denied Fox's claim in a decision dated February 27, 2018. [DN 8-2 at 41]. Using the traditional five-step

1

evaluation for disability benefits, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ made the following findings: First, Fox did not engage in substantial gainful activity from November 25, 2014 through December 31, 2014. *Id.* at 46. Second, Fox has the following severe impairments: degenerative disc disease, hearing loss, and obesity. *Id.* Third, Fox's impairments do not satisfy the clinical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 48. Fourth, Fox has the residual functional capacity ("RFC") to perform light work, though he is unable to perform any past relevant work. *Id.* at 50–54. Finally, the ALJ concluded that Fox is not disabled because he retains the ability to perform a significant number of jobs in the national economy. *Id.* at 55.

On November 28, 2018, the Appeals Council denied Fox's request for review of the ALJ's decision. [DN 12-1 at 583]. Fox then filed a Complaint with this Court for judicial review of the Commissioner's decision to deny his claim for Social Security disability benefits. [DN 1]. The Court referred Fox's action to Magistrate Judge King for a report and recommendation regarding its appropriate disposition. *See* 28 U.S.C. § 636(b)(1). The Magistrate Judge recommended that the Court remand this matter to the Commissioner for calculation and payment of past-due Title II benefits. [DN 20 at 620]. The Commissioner filed an objection to the Magistrate Judge's Report and Recommendation, [DN 23], and Fox responded, [DN 24].

## LEGAL STANDARD

It is well-settled that the Court reviews the objected-to portions of a report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Its review of the Commissioner's determination is, of course, more deferential. *See* 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The scope of that inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir.

2016) (quoting *Blakley*, 581 F.3d at 405–06). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if substantial evidence also supports the opposite conclusion, *see Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011). "[H]owever, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## DICUSSION

In this case, Fox argues that the ALJ failed to give controlling weight to his treating physician's medical opinion that Fox had the residual function capacity ("RFC") to perform only sedentary work. [DN 12-1 at 589–90]. Instead, Fox believes the ALJ relied on her own interpretation of Fox's medical history, unsupported by any medical source, in determining that he had the capacity to perform light work. *Id.* The Magistrate Judge agreed, finding that the ALJ did not provide a good reason for her decision not to afford controlling weight to Dr. Strenge's opinion. [DN 20 at 624]. Moreover, the Magistrate Judge found that the ALJ erred in determining Fox's RFC in the absence of any supporting medical opinion and concluded that Fox was entitled to Title II benefits. *Id.* at 626–28. The Commissioner objected to the Magistrate Judge's Report and Recommendation on the basis that it failed to follow the correct standards. [DN 23 at 635].

3

Specifically, the Commissioner contends that the ALJ's ruling should be upheld because she properly discounted Dr. Strenge's opinion and her RFC decision was supported by substantial evidence. *Id.* Additionally, the Commissioner argues that the Magistrate Judge erred in concluding that Fox was entitled to Title II benefits. *Id.* at 637.

Under the Social Security Act, "the Commissioner determines whether a claimant is disabled," and, therefore, "entitled to benefits." *Blakley*, 581 F.3d at 405 (citing 42 U.S.C. § 405(g)). In evaluating a claimant's status, the Commissioner has instructed ALJs to consider all "medical opinions" offered in the claimant's case. *See* 20 C.F.R. § 404.1527(b)–(c). "Medical opinions" are statements from "acceptable medical sources that reflect judgments about the nature and severity" of the claimant's impairment. *Id.* § 404.1527(a)(1). The ultimate weight assigned to, and the depth of consideration of, those opinions will depend on the classification of the source as nonexamining, nontreating (but examining), or treating. *Id.* § 404.1502.

A nonexamining source is a "physician" or "other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case." *Id.* A nontreating (but examining) source has examined the claimant, "but does not have, or did not have, an ongoing treatment relationship" with the claimant. *Id.* A treating source, to whom the Commissioner affords the most deference, has not only examined the claimant, but also has "an ongoing treatment relationship" with him too. *Id.*

In this case, the parties do not contest that Dr. Strenge qualifies as a "treating source." The Sixth Circuit explained the process of according weight to treating source opinions:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment

4

relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). As for the factors under § 404.1527, the Sixth Circuit has instructed that the "ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide 'good reasons' for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017), *aff'd sub nom. Biestek v. Berryhill*, 139 S. Ct. 1148, 203 L.Ed. 2d 504 (2019) (citing *Francis*, 414 F. App'x at 804); *see also Perry v. Comm'r of Soc. Sec.*, 734 F. App'x 335, 339 (6th Cir. 2018) ("Where an ALJ does not give controlling weight to a treating source opinion, it weighs that opinion in light of the regulations, using the factors in 20 C.F.R. § 404.1527(c)(2)-(6). This does not require an 'exhaustive, step-by-step analysis,' but merely 'good reasons' for the ALJ's weighing of the opinion").

In this case, the ALJ provided good reasons for discounting the weight given to Dr. Strenge's opinion. She stated:

> As for the opinion evidence, the undersigned gives the opinion of Dr. Strenge some weight. In January 2015, Dr. Strenge initially gave the claimant a note to stay off work for two weeks but opined that if he subsequently improved, he would be able to return to work without restrictions after two weeks. In March 2015, both the claimant and Dr. Strenge opined that they could manage the symptomatology with physical activity modification rather than other interventions. At that point, Dr. Strenge also opined that the claimant had improved and should be limited only to lifting no more than 25 pounds, not to participate with prolonged sitting or standing activities that may flare his symptomatology, and would only be seen as needed. On July 21, 2017, Dr. Strenge

5

> opined that the claimant should have the following limitations: Lift 10 lbs. frequently and 20 lbs. occasionally; Carry 10 lbs. for 20-30 minutes at a time and 1 hour total, and Walk 20-30 minutes at a time and 1 hour total with frequent rest periods sitting or lying down. Dr. Strenge also opined that the claimant should never be exposed to unprotected heights; occasionally have exposure to moving mechanical parts, extreme cold and heat, and vibrations; and frequently be exposed to operating a vehicle, humidity and wetness, and dust, odors fumes, and pulmonary irritants. Dr. Strenge also noted that the claimant should only be exposed to moderate noise. Dr. Strenge included several postural limitations. However, Dr. Strenge noted that the claimant could go shopping, travel without a companion, ambulate, use standard public transportation, climb a few steps at a reasonable pace, feed himself, care for his personal hygiene, and handle papers or files, although he did note limitations in walking at a reasonable pace on uneven surfaces.
>
> Dr. Strenge is specialized in orthopedic spine surgery and his opinion is supported by the medical record. He diagnosed the claimant with only mild degenerative lumbar scoliosis, mild spondylolisthesis, and with foraminal stenosis that only affects the right side at the right L3 to L5. Further, Dr. Strenge diagnosed the claimant with spondylolisthesis, degenerative disc disease, and listhesis but found these not to be severe. In accordance to Dr. Strenge's opinion, the record establishes that the claimant does have several back impairments, most of which are mild as discussed above. However, Dr. Strenge's opinion is a bit inconsistent with the record during the relevant period and over-restrictive despite his findings of mild back impairment. Dr. Strenge's own opinion also allows for ample functionality in relation to the claimant's ability to shop, travel, climb stairs at a reasonable pace, and care for himself. Nonetheless, the undersigned has taken into consideration Dr. Strenge's opinion especially in relation to the claimant's ability to lift and carry and exposure to hazards.

[DN 8-2 at 53–54] (internal citations omitted). First, the ALJ described in detail Dr. Strenge's opinion regarding Fox's medical condition over the course of 2015. *Id.* at 53. Second, she acknowledged the treating source's area of specialty. *Id.* However, the ALJ concluded that "Dr. Strenge's opinion is a bit inconsistent with the record during the relevant period and over-restrictive despite his findings of mild back impairment." *Id.* at 54. These inconsistencies stem from the fact that in January 2015, Dr. Strenge diagnosed Fox with several back issues and advised that if he saw improvement with his symptoms, he could return to work without restrictions after two weeks. [DN 8-7 at 307]. Moreover, in March 2015, Dr. Strenge determined that Fox's symptoms had improved and he could return to work with a 25-pound lifting restriction. *Id.* at 313. Despite these findings, in July 2015, Dr. Strenge opined that Fox had been limited to sedentary

work since November 2014. *Id.* at 547. These inconsistencies, in addition to the fact that Fox's back problems were relatively mild and Dr. Strenge's opinion permitted ample functionality in Fox's life outside of work, led the ALJ to discount the treating source's opinion. *See Price v. Comm'r of Soc. Sec.,* 342 F. App'x 172, 175–76 (6th Cir. 2009) ("Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, this Court generally will uphold an ALJ's decision to discount that opinion."). Based on the record as a whole, the Court finds that the ALJ provided good reasons for discounting the weight given to Dr. Strenge's opinion.

Furthermore, the ALJ's determination that Fox had the RFC to perform light work is supported by substantial evidence. The record demonstrates that Fox suffers from several mild or moderate back impairments, though Dr. Strenge acknowledged that Fox's facet arthropathy was severe at L4-L5. [*See, e.g.*, 8-7 at 305–07]. As noted above, there are inconsistencies between Dr. Strenge's January and March treatment plans and his July 2015 opinion. *See id.* at 307, 313, 547. Moreover, Fox's statements about the intensity, persistence, and limiting effects of his impairments were inconsistent with his testimony that he has the ability to lift 25 pounds; perform his daily functions; do light house work; run errands; and attend community events. [*See* DN 8-6 at 243; 8-2 at 63]. Fox has also been taking the same pain medication since 2014, which indicates that his pain is sufficiently controlled. [DN 8-2 at 52–53]. Finally, Dr. Strenge opined that despite Fox's limitations, he had amble functionality in his daily life. [DN 8-7 at 547]. Based on the record as a whole, the ALJ concluded that Fox had the RFC to perform light work from November 25, 2014 through December 31, 2014, with certain restrictions as noted by Dr. Strenge. [DN 8-2 at 50–51]. The Court concludes that the ALJ's opinion is supported by substantial evidence. "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided

differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if substantial evidence also supports the opposite conclusion, *see Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)." *Francis*, 414 F. App'x at 805. Therefore, the ALJ's decision is affirmed.

Since the Court concluded that the ALJ's decision was supported by substantial evidence, it need not address whether the Magistrate Judge erred in awarding disability benefits to Fox.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED**: the Magistrate Judge's Report and Recommendation, [DN 20], is **REJECTED**; the Commissioner's Objection, [DN 23], is **SUSTAINED**. The ALJ's decision is affirmed and the case is dismissed. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 12, 2020

CC: Attorneys of Record